UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| The Ohio Casualty Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 3:12-cv-02937-CMC |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | GRANTING SUMMARY JUDGMENT |
| International Construction Services, Inc., | ) | |
| Milton Posada, Sr., and Marcella Zangger- | ) | |
| Posada, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Through this action, Plaintiff, The Ohio Casualty Insurance Company ("Ohio Casualty"), seeks to recover amounts owed under an indemnity agreement which it entered with Defendants International Construction Services, Inc. ("International Construction"), Milton Posada, Sr., and Marcella Zangger-Posada (collectively Indemnitor-Defendants). Specifically, Ohio Casualty seeks to recover losses, costs, and expenses it incurred as a result of having issued contract performance and payment bonds on behalf of International Construction for a public works project in Augusta, Georgia, which bonds were covered by the subject indemnity ageement.

The matter is before the court on Ohio Casualty's motion for summary judgment, through which it seeks an award of $302,586.19. Dkt. No. 37. For the reasons set forth below, the motion is granted in full.

**STANDARD**

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from

those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Rule 56(c)(1) provides as follows:

(1)     A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

    (A)     citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials; or

    (b)     showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

## FACTS

The facts set forth in Ohio Casualty's motion for summary judgment (Dkt. No. 37-1 at 2-6), are both supported by the cited evidence and left uncontroverted by Indemnitor-Defendants' response (Dkt. No. 40). Indeed, Indemnitor-Defendants concede "that Plaintiff issued a bond or bonds and that [Indemnitor-Defendants] entered into Indemnity Agreements in favor of Plaintiff." Dkt. No. 40

2

at 1.  The Indemnitor-Defendants also concede that they agreed to settle the litigation on which Ohio

Casualty's indemnity claim is based.  *Id*. at 2.

The court, therefore, adopts and incorporates Ohio Casualty's statement of facts.  The most

critical of these facts are summarized as follows:

> (a) Indemnitor-Defendants signed the Indemnity Agreement in favor of Ohio
> Casualty; (b) under the Indemnity Agreement, Indemnitor-Defendants agreed to
> indemnify and hold Ohio Casualty harmless "from and against any and all loss, cost,
> claim, demand, liability and expenses of whatever kind or nature" Ohio Casualty may
> incur as a result of issuance of the Bonds, including Ohio Casualty's related
> attorneys' fees; [and] (c) Ohio Casualty incurred losses, costs, and expenses as a
> result of having executed the Bonds for which Indemnitor-Defendants failed to fully
> indemnify Ohio Casualty.

Dkt. No. 37-1 at 6.  "All told, as of June 27, 2013, Ohio Casualty ha[d] sustained and incurred net

losses, costs, and expenses in the amount of at least $302,586.19 as a result of having executed the

Bonds and by reason of Indemnitor-Defendants' failure to indemnify Ohio Casualty."  *Id.* at 5.

The Indemnity Agreement included the following critical provision, agreeing:

> Second: that we, the contractor (and the indemnitors, if any) will at all times
> indemnify and save the surety harmless from and against any and all loss, cost, claim,
> demand, liability and expenses of whatever kind or nature which it shall at any time
> sustain, incur, or be put to, for, by reason, or in consequence of such bonds which
> have been or may hereinafter be executed or procured on behalf of the contractor,
> including all costs, counsel fees and expenses incurred in investigating any claims
> made under or concerning such bonds, or in collecting any premiums due or losses
> sustained on such bonds, or in prosecuting or defending any actions, suits, or other
> proceedings which may be commenced or prosecuted against the contractor, or
> against the surety, upon such bonds, or in anyway relating thereto[.]
>
> * * *
>
> [T]he surety shall be entitled to charge for any and all disbursements made by it in
> good faith in and about the matters herein contemplated by this Agreement of
> Indemnity, under the belief that it is or was liable for the sums and amounts so
> disbursed, or that it was necessary or expedient to make such disbursements, whether
> or not such liability, necessity or expediency existed; and that the vouchers or other

3

> evidence of any such payments made by the surety shall be prima facie evidence of
> the fact and amount of [the indemnitor's] liability to the surety.

Indemnity Agreement at 1 (Dkt. No. 37-2 at 12).

For purposes of this motion, the court also accepts as true testimony proffered by the Indemnitor-Defendants that supports the conclusions: (1) Indemnitor-Defendants only "agreed to settle . . . because Ohio Casualty didn't want to pursue [the litigation] anymore"; (2) "Defendants felt there was no other choice and agreed to settle the case under protest"; (3) "Mr. Posada believed he had no choice but to settle the matter because Ohio Casual[t]y thought it was cheaper to settle instead of fighting"; and Mr. Posada, "strongly believed that the outcome would've been different but Ohio Casual[t]y didn't want to fight against the State of Georgia." Dkt. No. 40 at 2.   The court also accepts that there was "a significant difference of opinion as to whether or not [the underlying dispute] should have been settled, liabilities incurred, claims made under the Indemnity Agreements and this lawsuit in general." *Id.*

## DISCUSSION

As the Indemnitor-Defendants' concessions and arguments reveal, there is no dispute that Ohio Casualty "sustained and incurred net losses, costs, and expenses in the amount of at least $302,586.19 as a result of having executed the Bonds and by reason of Indemnitor-Defendants' failure to indemnify Ohio Casualty."   Dkt. No. 37-1 at 6 (Ohio Casualty's uncontroverted statement of facts).   Under the terms of the Indemnity Agreement, Ohio Casualty's record of such payments and expenses is "*prima facie* evidence of the fact and amount of [the Indemnitor-Defendants'] liability to the surety."

Ohio Casualty is, therefore, entitled to summary judgment unless the Indemnitor-Defendants

proffer evidence which raises a genuine issue of material fact as to whether Ohio Casualty made such payments in good faith "under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed." Indemnity Agreement at 1 ("Second" paragraph).

The Indemnitor-Defendants' evidence and arguments show only that they disagreed with Ohio Casualty's decision to settle the matter. They do not raise any genuine issue of material fact as to whether Ohio Casualty made the decision to settle based on a good faith belief "that it was necessary or expedient" to settle.[1] Indemnitor-Defendants also fail to proffer any evidence that the amounts sought were not, in fact, expended and for purposes covered by the Indemnity Agreement (defense of the action, then settlement). As no other evidence is proffered or arguments raised, the court finds that Ohio Casualty is entitled to indemnification in the amount of $302,586.19.

### CONCLUSION

For the reasons set forth above, the court grants Ohio Casualty's motion for summary judgment and directs entry of judgment jointly and severally against all Defendants in the amount of $302,586.19, such award to bear interest at the statutory rate.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 23, 2013

---

[1] Rather than proffering evidence that Ohio Casualty lacked a good faith belief that it was necessary or expedient to settle, Indemnitor-Defendants' argue that there was "a significant difference of opinion as to whether [the underlying matter] should have been settled." At most, this suggests that there was room for differing good-faith opinions. It does not cast doubt on Ohio Casualty's good faith belief that settlement was necessary or expedient.

5